Andre L. Verdun (SBN 265436)
**CROWLEY LAW GROUP**
401 West "A" Street, Ste. 925
San Diego, CA 92101
Tel. (619) 238-5700
Fax. (866) 786-6993
AndreVerdun@CrowleyLawGroup.com

Eric A. LaGuardia (SBN 272791)
**LAGUARDIA LAW**
3245 University Ave, #1
San Diego, CA 92104
Tel.  (619) 655-4322
Fax.  (619) 655-4344
eal@laguardialaw.com

Attorneys for Plaintiff,
Gerald McGhee

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD MCGHEE, an individual, | Case No.: '14CV0166 BEN BLM |
| Plaintiff, | **COMPLAINT AND** |
| vs. | **DEMAND FOR JURY TRIAL** |
| VERIZON WIRELESS; and DOES 1-10, | |
| Defendant. | |

## INTRODUCTION

1.   This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681

COMPLAINT - 1

*et seq*. ("FCRA"); and the California Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code Sections 1785.1-1785.36.

2. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

4. Because Defendants do business within the State of California, personal jurisdiction is established.

5. Venue is proper.

## PARTIES

6. Plaintiff, GERALD MCGHEE, ("Plaintiff"), is a natural person residing in the State of California.

7. Defendant VERIZON WIRELESS, ("Defendant"), is a company doing business in California operating from an address at 10734 International Drive, Rancho Cordova, CA 95670.

8. Defendant is engaged in the transaction of consumer credit while providing cellular phone service.

## FACTUAL ALLEGATIONS

9. Sometime before July 9, 2012, Plaintiff is alleged to have incurred certain financial obligations.

10. Sometime thereafter, but before July 9, 2012, Plaintiff was accused by Verizon of not paying on his consumer credit account. Plaintiff, however, asserts that he paid everything he owed to Defendant.

11. During each telephone call from Defendant, Plaintiff explained to Defendant that Plaintiff did not owe the money; that he disputes the debt; that the

equipments and services provided by Defendant never functioned properly as promised; that any and all equipment was returned; services were cancelled and ceased; and Defendant's representative promised Plaintiff that Plaintiff would not have to pay for said products and services as a result.

12. On multiple subsequent occasions, Defendant contacted Plaintiff in an attempted to collect the alleged debt and Plaintiff again stated that he did not owe the alleged debt, that he disputes the debt, and demanded Defendant cease its communications with Plaintiff.

13. On or about July 21, 2012, after discovering Defendant's disputed debt on his Credit Report, Plaintiff sent Defendant a letter detailing the reasons he disputes the alleged debt Defendant reported to Plaintiff's credit reports.

14. On or about July 23, 2012, Plaintiff sent a letter to Defendant's third party debt collector explaining that he disputes the debt. Plaintiff sent a copy of this letter to Defendant.

15. On or about August, 2012, , Plaintiff sent certified letters to Defendant and each of the three major credit reporting bureaus disputing the debt, detailing the reasons he disputes the debt, and requesting that the negative information be removed from Plaintiff's credit report. Defendant continues to report the debt on Plaintiff's Credit Reports.

16. Defendant violated the 15 U.S.C. § 1681i by failing to conduct a "reasonable" investigation of disputed credit information.

17. The actions of Defendant in violation the FCRA constituted negligent and/or willful noncompliance with the FCRA, and entitles the Plaintiff to actual damages, statutory damages, punitive damages, and attorneys' fees and costs as enumerated in 15 U.S.C. §§ 1681n and/or 1681o.

18. Defendant's action of reporting the alleged debt, and continuing to report the alleged debt, violates Section 1785.25(a) of the CCRAA which prohibits data furnishers from reporting information on a specific transaction or

1  experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

19. Plaintiff is 85 years old, a senior citizen within the meaning of California Civ. Code § 3345 and as a consequence of Defendant's wrongful conduct, Plaintiff is entitled to treble damages imposed by the trier of fact pursuant to Cal. Civ. Code § 3294.

## COUNT I
## FAIR CREDIT REPORTING ACT (FCRA)
## 15 U.S.C. § 1681 ET SEQ.

20. Plaintiff repeats, re-alleges, and incorporates by reference, all other Paragraphs.

21. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA, including but not limited to each and every one of the above cited provisions of the FCRA, 15 U.S.C. § 1681 et seq.

22. As a result of this conduct, action and inaction of Defendants, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

23. As a result of each and every violation of the FCRA, Plaintiff is entitled to any actual or statutory and punitive damages pursuant to 15 U.S.C. § 1681n and § 1681o; and attorney's fees and costs from Defendants in an amount to be determined by the court pursuant to 15 U.S.C. § 1681n and § 1681o.

24. Plaintiff is 84 years old, a senior citizen within the meaning of California Civ. Code § 3345 and as a consequence of Defendant's wrongful conduct, Plaintiff is entitled to treble damages imposed by the trier of fact pursuant to Cal. Civ. Code § 3294.

///
///

## COUNT II

## CONSUMER CREDIT REPORTING AGENCIES ACT (CCRAA)

## CAL. CIV. CODE §§ 1785.1-1785.36

25. Plaintiff incorporates all paragraphs of this Complaint.

26. The California Consumer Credit Reporting Agencies Act (CCRAA) is codified under California Civil Code Sections 1785.1-1785.36.

27. Section 1785.25(a) of the CCRAA prohibits data furnishers from reporting information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

28. Defendant knew, or should have known, that derogatory information they reported on Plaintiff's credit reports was incomplete or inaccurate.

29. Plaintiff is 84 years old, a senior citizen within the meaning of California Civ. Code § 3345 and as a consequence of Defendant's wrongful conduct, Plaintiff is entitled to treble damages imposed by the trier of fact pursuant to Cal. Civ. Code § 3294.

## PRAYER FOR RELIEF

30. WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. 1681o(a)(1) and 1681n(a)(1)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. 1681o(a)(2) and 1681n(a)(3);
- An award for negligent violation of CCRAA of actual damages, including court costs, attorney's fees and, when applicable, pain and suffering.
- An award of punitive damages.
- Treble damages pursuant to California Civil Code § 3345; and

///

- Any other relief that the court deems proper.

31. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

                                  LAGUARDIA LAW

Dated: January 16, 2014        By:   s/Eric A. LaGuardia  
                                              ERIC A. LAGUARDIA  
                                              And  
                                              ANDRE L. VERDUN  
                                              CROWLEY LAW GROUP  
                                              Attorneys for Plaintiff,  
                                              Gerald McGhee